UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAY PARKER LUNT DRESSER, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:18-cv-00426-DBH |
| | ) | |
| ROBERT A. NORMS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S COMPLAINT**

On October 11, 2018, Plaintiff filed a complaint (ECF No. 1), but did not pay the filing fee, or file a motion to proceed in forma pauperis. On November 7, 2018, the Court ordered Plaintiff to pay the $400 filing fee or file a completed in forma pauperis application and, because the Court had previously dismissed, in accordance with 28 U.S.C. 1915(e), three matters initiated by Plaintiff,[1] demonstrate that he either was not a prisoner as contemplated by 28 U.S.C. § 1915(h) or that he was under imminent danger of serious physical injury. (ECF No. 2)

Because the Plaintiff failed to comply with the order, on November 29, 2018, the Court ordered Plaintiff to show cause as to why he had not paid the filing fee or filed an in forma pauperis application. (ECF No. 3.) In the order, the Court established December 13, 2018, as the date by which Plaintiff must show cause. The Court advised Plaintiff that if he failed to show cause, the Court could dismiss the complaint. (*Id.*) The Court also informed

---

[1] The dismissed cases are *Dresser v. AT&T, et al.*, No. 1:18-cv-248-JDL, *Dresser v. Municipal Review Committee, Inc., et al.*, No. 1:18-cv-172-DBH, and *Dresser v. State of Maine*, No. 1:18-cv-317-DBH.

Plaintiff that an order advising that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) was possible. On December 3, 2018, the Court received the Order to Show cause form the United States Postal Service marked "returned as undeliverable. Reason: Return to Sender No Forwarding Address." (ECF No. 4.)

Because of the uncertainty as to Plaintiff's location and because, based on Plaintiff's filings in other matters, the Court was aware that Plaintiff had been an inmate at the Penobscot County Jail, on December 13, 2018, the Court issued and forwarded to Plaintiff's attention at the jail another Order to Show Cause in which order the Court established December 27, 2018, as the date by which Plaintiff was required to show cause. The order was recently returned as undeliverable. Plaintiff has not filed a response to the Court's orders to show cause.

As Plaintiff has not responded to the Show Cause Orders, and has not notified the Court of a new address or contact information,[2] I recommend the Court dismiss the matter. I also recommend the Court issue an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

---

[2] At some point after the first order to show cause was returned, Plaintiff reportedly appeared at the clerk's office in Portland and requested copies of certain documents in some of his pending cases. Plaintiff, however, did not inform the clerk's office of his current address.

**Discussion**

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's November 7, 2018, Order that required Plaintiff to pay the filing fee or file an application to proceed in forma pauperis with an explanation as to his eligibility despite the dismissal of three cases in accordance with 28 U.S.C. § 1915(e) (ECF No. 2), and (b) failed to show cause in accordance with the Court's Orders to Show Cause. (ECF Nos. 3, 5.) Plaintiff thus has failed to comply the Court's orders, and has otherwise failed to prosecute his claim.

Furthermore, to the extent Plaintiff is not incarcerated or not a resident of Dorothea Dix Hospital, Plaintiff has not apprised the court of his location or contact information. Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation

to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication.")

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the matter, and his failure to inform the Court of his new contact information, dismissal is warranted. In addition, because the Court previously dismissed, pursuant to 28 U.S.C. § 1915(e), three actions initiated by Plaintiff, an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) is warranted.

## Conclusion

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint. I also recommend the Court issue an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
Dated this 2nd day of January, 2019.        U.S. Magistrate Judge